IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEWSPRING MEZZANINE CAPITAL II, L.P., | : : | CIVIL ACTION |
| Plaintiff, | : : | No. 14-1706 |
| v. | : : | |
| HAYES, JR. et al., | : | |
| Defendants. | : : | |

MEMORANDUM

**McHugh, J.**                                                                                                                                                                   **Nov. 12, 2014**

      In their Motion to Dismiss the Baxter Parties' Amended Cross-claim, Defendant Utilipath LLC (hereafter "Utilipath") argues that Counts III and V of the Amended Cross-claim of Defendants Baxter McLindon Hayes, Jr., and Utilipath Holdings, Inc. ("the Baxter Parties") are subject to an arbitration agreement and should therefore be dismissed or stayed. On the record as it currently stands, I am not persuaded that dismissal is required.

      Utilipath maintains that the Baxter Parties' claims relate principally to the calculation of "Net Working Capital." Relying on *Viacom Int'l v. Winshall*, 72 A.3d 78, 83 (Del. 2013), Utilipath argues that the question is one of "procedural abitrability," and that any dispute over the calculation of Net Working Capital is reserved for arbitration.

      This is too broad a reading of *Viacom.* The court there explained that a question of what *subject matter* an arbitrator should consider is a question for a court. In contrast, the question of what *evidence* the arbitrator should consider in resolving the matter is a procedural question for the arbitrator. *Viacom*, 72 A.3d 78, 83. In its words:

>the only question that the court should decide is whether the subject matter in dispute falls within [the contract's arbitration provision]. If the subject matter to be arbitrated is the calculation of … the amount of working capital … all issues as to what financial or other information should be considered in performing the calculation are decided by the arbiter.

*Id.*

The Baxter Parties allege four specific contractual breaches against Utilipath:

1. Failure to provide "an accurate Closing Net Working Capital Statement" to the Baxter Parties and failure to "proceed in good faith" regarding its obligations under 1.3.4 of the Redemption Agreement;
2. Failure "to honor the terms of the Holdings Promissory Notes incorporated by reference into the Redemption Agreement;"
3. Failure "to release escrow funds to Holdings;"
4. Failure "to honor its indemnification obligations to the Baxter Parties."

Baxter Parties' Amended Counterclaim and Cross-claim, Doc. 43 ¶ 17. On their face, these allegations appear to go far beyond the sole issue of the calculation of working capital.

Furthermore, unlike in *Viacom*, the parties here are not disputing how an arbitrator should reach an answer to a particular question. Rather, the parties here disagree about what the scope of any arbitration should be. Utilipath argues that the Redemption Agreement requires arbitration for "all disputes **related to** the Net Working Capital." Utilipath Motion to Dismiss Baxter Parties' Amended Cross-claim at 20 (emphasis added). The Baxter Parties respond that the arbitration clause is not so broad, pointing out that Section 1.3.4 of the Agreement contains the following limiting clause:

>[T]he scope of the disputes to be settled by the Independent Accounting Firm is limited to whether the calculation of Net Working Capital was prepared in accordance with GAAP applied in a manner consistent with the preparation of the Estimated Net Working Capital Exhibit, and whether there were mathematical errors in the calculation of Net Working Capital.

The identity and scope of issues consigned to arbitration is the crux of the parties' disagreement here. As the court explained in *Viacom*, the subject matter for arbitration is properly decided by a court.

2

Utilipath has, in effect, implicitly asked me to answer that question because its Motion to Dismiss seeks a dismissal based on procedural arbitrability, but its submissions to the court fail to address the issue in sufficient detail. The Cross-claims as pleaded go beyond Net Working Capital, and unless other issues such as the Promissory Notes "relate" in some fashion, such claims seemingly fall outside the arbitration clause. Assuming for the sake of discussion that at least this one discrete issue is subject to arbitration, the suggestion of the Baxter Parties that I entertain a declaratory judgment action and declare the arbitration provision unenforceable based on breaches by Utilipath is equally unsatisfying. It would suggest that until the validity of the claim on its merits is known, the method by which to address the dispute cannot be determined. Consequently, the Order I have entered decides only Utilipath's Motion to Dismiss; it does not decide the broader question of precisely what aspects of this dispute, if any, should be submitted to arbitration. If Utilipath seeks an order compelling arbitration pursuant to 9 U.S.C. § 3, it may so move with more comprehensive briefing as to the scope of the arbitration clause in the Redemption Agreement and precise identification of issues subject to arbitration, or await resolution of its concurrent state court action in Delaware Chancery Court.

Alternatively, Utilipath asks that I stay the Baxter Parties' litigation of their breach of contract cross-claim pending the resolution their Delaware action. It cites a Third Circuit decision which held, "[a] party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263–64 (3d Cir. 2003). Utilipath also cites to the Federal Arbitration Act, 9 U.S.C. § 3. Section Three provides that a court shall stay litigation "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement."

However, the situation before me is different from that discussed in *Alexander* and contemplated by 9 U.S.C. § 3. Those authorities stand for the proposition that if a court has decided arbitration *should* occur, litigation should be stayed until after the arbitration concludes. As set forth above, I am not prepared to make that ruling, and to date no Order has issued from the Delaware Chancery Court.

    /s/ Gerald Austin McHugh
United States District Court Judge